# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MYRON T. CLARK,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:18-CV-713
CRIM. NO. 2:00-CR-00024
JUDGE JAMES L. GRAHAM
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, has filed what has been docketed as a *Motion to Vacate under 28 U.S.C. § 2255.* (ECF No. 170.) This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts, which provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]" For the reasons that follow, such are the circumstance here. The Undersigned therefore **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

Petitioner was convicted after a jury trial on charges of conspiracy, in violation of 21 U.S.C. § 846, two counts of distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), two counts of carrying and brandishing a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), § 924(a)(2), and possession of counterfeit obligations, in violation of 18 U.S.C. § 472. On September 21, 2000, the Court imposed an aggregate term of forty-one years and two months imprisonment. (ECF No. 62.) On June 24, 2002, the United States Court of Appeals for the Sixth

Circuit affirmed the Judgment of this Court. *United States v. Clark*, 41 F. App'x 745 (6th Cir. 2002). On October 21, 2002, the United States Supreme Court denied the petition for a writ of certiorari. *Clark v. United States*, 537 U.S. 989 (2002). On November 19, 2003, Petitioner filed his first *Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255*. (ECF No. 78.) On October 7, 2004, the Court dismissed that action. (ECF No. 113.) On September 28, 2006, the Sixth Circuit affirmed the Judgment of this Court. (ECF No. 126.) On December 23, 2011, the Court granted Petitioner's motion for reduction of sentence based on Amendment 748 to the United States Sentencing Guidelines, reducing Petitioner's sentence to an aggregate term of 435 months. (ECF No. 142.) On July 8, 2015, the Court granted Petitioner's subsequent motion for reduction of sentence under 18 U.S.C. § 3582(c)(2), reducing his sentence on Counts 1, 4, 6, and 8 of the *Indictment* from fifty-one (51) months, to forty-one (41) months, such sentences to run concurrently to each other, based on the retroactive application of Amendment 782. (ECF No. 164.)

On July 20, 2018, Petitioner filed what he has entitled a *Notice of Appeal*, which has been docketed as a *Motion to Vacate under 28 U.S.C. § 2255*. (ECF No. 170.) Petitioner asserts that the Court improperly sentenced him on Count 7, in violation of the Sixth Amendment. According to the Petitioner, the Court unconstitutionally imposed sentence on Count 7, because the jury failed to find that he carried a firearm, and the jury's verdict instead only indicates that he brandished a firearm.[1]

Preliminarily, although Petitioner has captioned this motion as a *Notice of Appeal*, he does not identify the judgment or order being appealed, or name the court to which the appeal is being

---

[1] The Sixth Circuit affirmed Petitioner's convictions for carrying and brandishing a firearm under § 924(c), rejecting his argument that the evidence failed to support his conviction on "brandishing" a firearm. *Clark*, 41 F. App'x at 748-49.

taken, as required under Rule 3(c)(1) of the Federal Rules of Civil Procedure. Instead, he indicates that he requests an "opinion" as to whether the Court violated the Sixth Amendment, and argues that his conviction on Count 7 should be vacated as unconstitutionally imposed, and the case remanded for re-sentencing. (ECF No. 170, PAGEID # 618.) Thus, this action may properly be considered under the provision of 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 791 (2003) (noting that federal courts may ignore the legal label that a *pro se* litigant attaches and recharacterize it "to create a better correspondence between the substance of a *pro se* motion's claim and its underlying legal basis[.]") (citations omitted). 28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

However, plainly, this action constitutes a successive § 2255 action.

As previously discussed, 28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45,

47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2255 action absent authorization from the Sixth Circuit.

**Recommended Disposition**

The Undersigned therefore **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                      *s/ Elizabeth A. Preston Deavers*
                                                      Elizabeth A. Preston Deavers
                                                      United States Magistrate Judge